IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAMES C. GREGORY,                        )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )          No. 12-2693-STA-tmp
                                         )
UNITED STATES OF AMERICA,                )
ARKANSAS FEDERAL COURT                   )
(JONESBORO DIVISION), and                )
BILLY ROY WILSON,                        )
                                         )
            Defendants.                  )

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is the United States Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal (D.E. # 7) filed on June 14, 2013. The Magistrate Judge has recommended that Plaintiff's Pro Se Complaint be dismissed for lack of subject matter jurisdiction. Plaintiff brings claims against the United States, United States District Court for the Eastern District of Arkansas, and United States District Judge Billy Roy Wilson ("District Judge Wilson"). Plaintiff challenges the Eastern District of Arkansas' dismissal of his previous action, *Gregory v. Gentry*, No. 3:12-CV-00013-BRW, 2012 WL 3985780, at *1 (E.D. Ark. Sept. 10, 2012). In the case at bar, Plaintiff seeks the removal of District Judge Wilson from the federal bench and damages in the amount of $10. Plaintiff further seeks investigations of the FBI's office in the state of Arkansas, the City of Blytheville, Arkansas, and the circuit court judges of Mississippi County, Arkansas.

The Magistrate Judge has recommended that the Court dismiss Plaintiff's Complaint for lack

1

of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure.  As an initial matter, the Magistrate Judge concluded that venue is not proper in the Western District of Tennessee.  Plaintiff is a citizen of the state of Arkansas, all of the events giving rise to Plaintiff's claims occurred in Arkansas, and none of the Defendants reside in the Western District of Tennessee. Rather than transferring the case pursuant to 28 U.S.C. § 1406(a), however, the Magistrate Judge has recommended that Plaintiff's Pro Se Complaint be dismissed for lack of subject matter jurisdiction. The Magistrate Judge concluded that Plaintiff had not alleged any facts to show that this Court has jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties.  Plaintiff has also failed to allege jurisdiction based § 1331, which grants the district courts jurisdiction over any claim arising under the laws of the United States.  Although the pleadings mention "USC 42 1985," Plaintiff has not alleged that an agreement existed between any of the parties.  Finally, the Magistrate Judge reasoned that District Judge Wilson enjoys absolute judicial immunity as to all of Plaintiff's claims against him.  Therefore, the Magistrate Judge has recommended that Plaintiff's Pro Se Complaint be dismissed.

Pursuant to Rule 72(b)(2) and 28 U.S.C. § 636(b)(1)(C), objections to the Magistrate Judge's Report and Recommendation were due within fourteen (14) days of service of the Report, making the objections due no later than July 1, 2013.[1]  Plaintiff has not filed objections within the time permitted.  Having reviewed the pleadings and the Magistrate Judge's Report and Recommendation *de novo*, the Court hereby **ADOPTS** the Magistrate Judge's Report.  Plaintiff's Complaint is dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff receives the benefit of three additional days under Rule 6(d) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(d).

2

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one.[2] An appeal is not taken in good faith if the issue presented is frivolous.[3] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[4] The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case.  If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[5] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  By filing a notice of appeal Plaintiff

---

[2] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[3] *Id.*

[4] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

[5] The fee for docketing an appeal is $450. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[6] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.[7]

      **IT IS SO ORDERED.**

                      **s/ S. Thomas Anderson**
                      S. THOMAS ANDERSON
                      UNITED STATES DISTRICT JUDGE

                      Date: July 25, 2013.

---

[6] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[7] *McGore*, 114 F.3d at 610.

4